United States District Court
Middle District of Tennessee
Nashville Division

| | |
|---|---|
| Federal Trade Commission, and | **Case No. 3-10 0733** |
| State of Tennessee, *ex rel.*<br>Robert E. Cooper, Jr., Attorney General and Reporter, | |
| Plaintiffs, | **_EX PARTE_ TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND A PERMANENT RECEIVER SHOULD NOT BE APPOINTED** |
| v. | |
| United States Benefits, LLC, a limited liability company, also d/b/a United States Health, United Benefits of America, LLC, UBA, United Benefits, United Health Benefits, Health Care America, HCA, National Benefits of America, Insurance Specialty Group, and Adova Health, | |
| Timothy Thomas, individually and as an officer of United States Benefits, LLC, also d/b/a United States Health, United Benefits of America, LLC, UBA, United Benefits, United Health Benefits, Health Care America, HCA, National Benefits of America, Insurance Specialty Group, and Adova Health, | **[FILED UNDER SEAL]** |
| Defendants, and | |
| Kennan Dozier, also d/b/a Kennan Dozier Thomas, Accentuate Designs, and Accentuate Your Home, LLC, | |
| Relief Defendant. | |

Plaintiffs Federal Trade Commission ("Commission" or "FTC") and the State of Tennessee having filed their Complaint for a permanent injunction and other equitable relief in this matter pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Tennessee Consumer Protection Act of 1977 ("TCPA"), Tenn. Code Ann. § 47-18-101, *et seq.*, and having applied *ex parte* for a Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, and the Court, having considered the Complaint, declarations, exhibits, memorandum of points and authorities, and other submissions filed in support therewith, now being fully advised in the premises, finds as follows:

## FINDINGS

1.   This Court has jurisdiction of the subject matter of this case, and there is good cause to believe the Court will have jurisdiction over all parties hereto and that venue in this district is proper.

2.   There is good cause to believe that Defendants United States Benefits, LLC, and Timothy Thomas, and Relief Defendant Kennan Dozier have engaged in and are likely to engage in acts that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the Commission's Telemarketing Sales Rule ("TSR" or "Rule"), 16 C.F.R. Part 310, and the TCPA, Tenn. Code Ann. § 47-18-101, *et seq.*, and that the Plaintiffs are likely to prevail on the merits of this action.

3.   There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act, the TSR, and the TCPA unless Defendants are restrained and enjoined by Order of this Court.

4.   There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution

will occur from the sale, transfer, or other disposition or concealment by Defendants of assets or records if Defendants are provided with advance notice of this Order, and that therefore in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this order be granted without prior notice to Defendants. There is thus good cause for relieving the Plaintiffs of the duty to provide Defendants with prior notice of the Plaintiffs' application.

5.     Good cause exists for: (a) the appointment of a Temporary Receiver over Corporate Defendant United States Benefits, LLC; (b) the freezing of Defendants' and Relief Defendant's assets; and (c) the ancillary relief ordered, below.

6.     Weighing the equities and considering the Plaintiffs' likelihood of ultimate success, a Temporary Restraining Order ("Order") with an asset freeze, the appointment of a Temporary Receiver, and other equitable relief is in the public interest. No security is required of any agency of the United States for issuance of a restraining order. Fed. R. Civ. P. 65(c). Under Tenn. Code Ann. § 47-18-108(a)(4), courts are authorized to issue orders and injunctions to restrain and prevent violations of this part, and such orders and injunctions shall be issued without bond.

DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.     "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and cash, wherever any such asset is located, whether in the United States or abroad.

2.     "Corporate Defendant" means United States Benefits, LLC, and any affiliates,

fictitious names, d/b/a's (United States Health, United Benefits of America, LLC, UBA, United Benefits, United Health Benefits, Health Care America, HCA, National Benefits of America, Insurance Specialty Group, and Adova Health), subsidiaries, successors, or assigns of the aforementioned entities.

3.      "Defendant" or "Defendants" means (a) the Corporate Defendant; (b) the Individual Defendant, and (c) the Relief Defendant.

4.      The term "document" is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

5.      "Individual Defendant" means Timothy Thomas, individually and as an officer of the Corporate Defendant.

6.      "Material fact" means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

7.      "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

8.      "Plaintiffs" means the Federal Trade Commission and the State of Tennessee.

9.      "Receiver" means the temporary receiver appointed in Section X of this Order and any deputy receivers that shall be named by the temporary receiver.

10.      "Receivership Defendant" means the Corporate Defendant.

11. "Relief Defendant" means Kennan Dozier, also d/b/a Kennan Dozier Thomas, Accentuate Designs, and Accentuate Your Home, LLC.

12. "Representatives" means Defendants' successors, assigns, officers, agents, servants, employees, or attorneys, and any person or entity in active concert or participation with them who receives actual notice of this Order by personal service or otherwise.

13. "Telemarketing" means any plan, program or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

## ORDER

### I. PROHIBITED BUSINESS ACTIVITIES

IT IS THEREFORE ORDERED that the Individual Defendant and the Corporate Defendant and their Representatives, in connection with the marketing of goods or services, are hereby temporarily restrained and enjoined from making, or assisting in the making of, expressly or by implication, any false or misleading statement or representation of material fact, including, but not limited to, representing that the goods or services they are selling are major medical health insurance, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), as well as Tenn. Code Ann. §§ 47-18-104(a), (b)(1), (b)(2), (b)(3), (b)(5), (b)(7), (b)(12), (b)(14), (b)(19), (b)(22), and (b)(27).

### II. PROHIBITIONS AGAINST DECEPTIVE AND ABUSIVE TELEMARKETING PRACTICES

IT IS FURTHER ORDERED that, in connection with telemarketing, the Individual Defendant and the Corporate Defendant and their Representatives are hereby temporarily restrained and enjoined from engaging in or causing or assisting other persons to engage in,

Case 3:10-cv-00733 *SEALED*   Document 3-24   Filed 08/03/10   Page 5 of 60 PageID #: 606

Case 3:10-cv-00733   Document 12   Filed 08/05/10   Page 5 of 60 PageID #: 735

violations of any provision of the TSR, including, but not limited to, the following:

A.    Misrepresenting, directly or by implication, in the sale of goods or services, any material aspect of the performance, efficacy, nature, or central characteristics of the goods or services that are the subject of a sales offer, in violation of Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), and of Tenn. Code Ann. § 47-18-104(a), (b)(5), and (b)(27);

B.    Initiating any outbound telemarketing call to a person's telephone number on the National Do Not Call Registry of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services, in violation of Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), unless:

(1)    the seller has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

(2)    the seller has an established business relationship with such person and that person has not previously stated that he or she does not wish to receive outbound telemarketing calls made by or on behalf of Defendants; and

C.    Failing in any outbound telephone call to disclose truthfully, promptly, and in a clear and conspicuous manner (a) the identity of the seller and (b) the nature of the goods or service, in violation of Section 310.4(d)(1) and (3) of the TSR, 16 C.F.R. § 310.4(d)(1) and (3), and Section 310.4(b)(1)(v)(B)(ii) of the TSR, 16 C.F.R. § 310.4(b)(1)(v)(B)(ii); and

D. Initiating any outbound call that delivers a prerecorded message to induce the purchase of any good or service, in violation of Section 310.4(b)(1)(v)(A) of the TSR, 16 C.F.R. § 310.4(b)(1)(v)(A), unless the seller has obtained from the recipient of the call an express agreement, in writing, that evidences the willingness of the recipient of the call to receive calls that deliver prerecorded messages by or on behalf of a specific seller.

### III. ASSET FREEZE

IT IS FURTHER ORDERED that Defendants and their Representatives are hereby temporarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, shares of stock, or other assets, or any interest therein, wherever located, whether within the United States or within a jurisdiction outside the United States, that are: (1) owned or controlled by any Defendant, in whole or in part; (2) held for the benefit of any Defendant; (3) in the actual or constructive possession of any Defendant; or (4) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, including, but not limited to, any assets held by or for, or subject to access by, any Defendant at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository of any kind;

B. Physically opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by, any Defendant;

Case 3:10-cv-00733 *SEALED*   Document 3-24   Filed 08/03/10   Page 7 of 60 PageID #: 608

Case 3:10-cv-00733   Document 12   Filed 08/05/10   Page 7 of 60 PageID #: 737

C.    Obtaining a personal or secured loan encumbering the assets of any Defendant;

and

D.    Incurring liens or other encumbrances on real property, personal property or other assets titled in the name, singly or jointly, of any Defendant.

The assets affected by this Section III shall include: (1) all assets of any Defendant as of the time of issuance of this Order; and (2) assets obtained after the time of issuance of this Order if the assets are derived from the conduct alleged in the Plaintiffs' Complaint.

## IV. RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS

IT IS FURTHER ORDERED that, pending determination of Plaintiffs' request for a preliminary injunction, any financial or brokerage institution, business entity, or person served with a copy of this Order that holds, controls or maintains custody of any account or asset of any Defendant shall:

A.    Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset, except by further order of the Court;

B.    Deny any person, except the Receiver acting pursuant to Section XI of this Order, access to any safe deposit box that is titled in the name of, individually or jointly, or otherwise subject to access by, any Defendant;

C.    Provide Plaintiffs' counsel, within five (5) business days of receiving a copy of this Order, a sworn statement setting forth:

1.    The identification number of each such account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the

Page 8 of 24

benefit of any Defendant;

2.    The balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3.    The identification of any safe deposit box that is titled in the name of, individually or jointly, or otherwise subject to access by, any Defendant; and

D.    Upon request by Plaintiffs, promptly provide Plaintiffs with copies of all records or other documentation pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## V. PRESERVATION OF RECORDS

IT IS FURTHER ORDERED that Defendants and their Representatives are hereby temporarily restrained and enjoined from:

A.    Destroying, erasing, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents that relate to the business, business practices, assets, or business or personal finances of any Defendant; and

B.    Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of

Page 9 of 24

money.

## VI. FINANCIAL DISCLOSURES

IT IS FURTHER ORDERED that each Defendant, within forty-eight (48) hours of service of this Order, shall prepare and deliver to counsel for Plaintiffs and to the Receiver completed financial statements on the forms attached to this Order as Attachment A (Financial Statement of Individual Defendant) for themselves individually, and Attachment B (Financial Statement of Corporate Defendant) for each business entity under which they conduct business or of which they are an officer, and for each trust for which any Defendant is a trustee. The financial statements shall be accurate as of the date of entry of this Order. Each Defendant shall include in the financial statements a full accounting of all funds and assets, whether located inside or outside of the United States, that are: (a) titled in the name of such Defendant, jointly, severally, or individually; (b) held by any person or entity for the benefit of such Defendant; or (c) under the direct or indirect control of such Defendant.

## VII. CONSUMER CREDIT REPORTS

IT IS FURTHER ORDERED that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer report concerning any Defendant, to Plaintiffs.

## VIII. FOREIGN ASSET REPATRIATION

IT IS FURTHER ORDERED that within five (5) business days following the service of this Order, each Defendant shall:

A.      Provide Plaintiffs and the Receiver with a full accounting of all funds, documents, and assets outside of the United States which are: (1) titled in the name, individually or jointly, of any Defendant; or (2) held by any person or entity for the benefit of any Defendant; or (3)

under the direct or indirect control, whether jointly or singly, of any Defendant;

      B.     Transfer to the territory of the United States and deliver to the Receiver all funds, documents, and assets located in foreign countries which are: (1) titled in the name individually or jointly of any Defendant; or (2) held by any person or entity, for the benefit of any Defendant; or (3) under the direct or indirect control of any Defendant, whether jointly or singly;

      C.     Provide Plaintiffs access to all records of accounts or assets of any Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records appended to this Order as Attachment C.

## IX. INTERFERENCE WITH REPATRIATION

IT IS FURTHER ORDERED that Defendants and their Representatives are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section VIII of this Order, including but not limited to:

      A.     Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section VIII of this Order;

      B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section VIII of this Order.

Case 3:10-cv-00733 *SEALED* Document 3-24 Filed 08/03/10 Page 11 of 60 PageID #: 612

Case 3:10-cv-00733 Document 13 Filed 08/05/10 Page 11 of 60 PageID #: 741

## X. APPOINTMENT OF TEMPORARY RECEIVER

IT IS FURTHER ORDERED that *Robert Waldschmidt* is appointed temporary receiver for the Receivership Defendant. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court.

## XI. RECEIVER'S DUTIES

IT IS FURTHER ORDERED that the Receiver is authorized and directed to accomplish the following:

A.      Assume full control of the Receivership Defendant by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of the Receivership Defendant, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendant;

B.      Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendant, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendant and other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Defendant. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Defendant. Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

Page 12 of 24

C.    Take all steps necessary to secure each location from which the Receivership Defendant operates its business. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all Receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendant, including, but not limited to, the name, home address, Social Security Number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and video taping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendant. Law enforcement personnel, including, but not limited to, highway patrol, police, or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

D.    Conserve, hold, and manage all assets of the Receivership Defendant, and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendant, including, but not limited to, obtaining an accounting of the assets and preventing the unauthorized transfer, withdrawal, or misapplication of assets;

Case 3:10-cv-00733 *SEALED*   Document 3-24   Filed 08/03/10   Page 13 of 60 PageID #: 614

Case 3:10-cv-00733   Document 12   Filed 08/05/10   Page 13 of 60 PageID #: 743

E.      Enter into contracts and purchase insurance as advisable or necessary;

F.      Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendant;

G.      Manage and administer the business of the Receivership Defendant until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes but is not limited to retaining, hiring, or dismissing any employees, independent contractors, or agents;

H.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

I.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendant prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendant, such as rental payments;

J.      Suspend business operations of the Receivership Defendant if in the judgment of the Receiver such operations cannot be continued legally and profitably;

K.      Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendant, or that the Receiver deems necessary and advisable to carry out the Receiver's

mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

      L.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendant, as the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendant, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

      M.    Issue subpoenas to obtain documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership estate;

      N.    Open one or more bank accounts as designated depositories for funds of the Receivership Defendant. The Receiver shall deposit all funds of the Receivership Defendant in such a designated account and shall make all payments and disbursements from the Receivership estate from such an account. The Receiver shall serve copies of monthly account statements on all parties;

      O.    Maintain accurate records of all receipts and expenditures incurred as Receiver; and

      P.    Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

### XII.  TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

IT IS FURTHER ORDERED that Defendants, their Representatives, and any other person or entity with possession, custody or control of property of or records relating to the Receivership Defendant shall upon notice of this Order by personal service or otherwise immediately notify the Receiver of, and, upon receiving a request from the Receiver,

Case 3:10-cv-00733 *SEALED*   Document 3-24    Filed 08/03/10   Page 15 of 60 PageID #: 616

Case 3:10-cv-00733   Document 12    Filed 08/05/10   Page 15 of 60 PageID #: 745

immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

     A.     All assets of the Receivership Defendant;

     B.     All documents of the Receivership Defendant, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

     C.     All computers and data in whatever form used to conduct the business of the Receivership Defendant;

     D.     All assets belonging to other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Defendant; and

     E.     All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendant, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

     In the event that any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Section XII, the Receiver may file ex parte an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or other item covered by this Section XII and to deliver it to the Receiver.

### XIII.  PROVISION OF INFORMATION TO RECEIVER

IT IS FURTHER ORDERED that Defendants shall provide to the Receiver, immediately upon request, the following:

A.      A list of all assets and property, including accounts, of the Receivership Defendant that are held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant; and

B.      A list of all agents, employees, officers, servants or those persons in active concert and participation with the Individual Defendant, Receivership Defendant, and Relief Defendant, who have been associated or done business with the Receivership Defendant.

### XIV.  COOPERATION WITH THE RECEIVER

IT IS FURTHER ORDERED that Defendants, their Representatives, and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the assets of the Receivership Defendant.  This cooperation and assistance shall include, but not be limited to: providing information to the Receiver that the Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic file, or telephonic data in any medium; advising all persons who owe money to the Receivership Defendant that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the assets and sales of the Receivership Defendant.  The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers and other financial institutions and depositories of any kind, and all third-party

billing agents, common carriers, and other telecommunications companies, that have transacted business with the Receivership Defendant.

## XV. INTERFERENCE WITH THE RECEIVER

IT IS FURTHER ORDERED that Defendants and their Representatives are hereby restrained and enjoined from directly or indirectly:

A.      Interfering with the Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this Receivership;

B.      Transacting any of the business of the Receivership Defendant;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendant, or the Receiver; and

D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVI. STAY OF ACTIONS AGAINST RECEIVERSHIP DEFENDANT

IT IS FURTHER ORDERED that, except by leave of this Court, during pendency of the Receivership ordered herein, Defendants, their Representatives, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendant, including, but not limited to:

A.      Petitioning, or assisting in the filing of a petition, that would cause the

Receivership Defendant to be placed in bankruptcy;

B.       Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Defendant, including the issuance or employment of process against the Receivership Defendant, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C.       Filing or enforcing any lien on any asset of the Receivership Defendant, taking or attempting to take possession, custody, or control of any asset of the Receivership Defendant; or attempting to foreclose, forfeit, alter, or terminate any interest in any asset of the Receivership Defendant, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

D.       Initiating any other process or proceeding that would interfere with the Receiver managing or taking custody, control, or possession of, the assets or documents subject to this receivership.

Provided that, this Order does not stay:  (i) the commencement or continuation of a criminal action or proceeding; (ii) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (iii) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XVII.  COMPENSATION OF RECEIVER

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Receivership Defendant.  The Receiver shall file with the

Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XVIII. RECEIVER'S BOND

IT IS FURTHER ORDERED that the Receiver shall file with the Clerk of this Court a bond in the sum of $ *50,000* with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs. 28 U.S.C. § 754.

## XIX. ACCESS TO BUSINESS OFFICES AND RECORDS

IT IS FURTHER ORDERED that, in order to allow Plaintiffs and the Receiver to preserve assets and evidence relevant to this action, and to expedite discovery, Plaintiffs and Receiver, and their representatives, agents, and assistants, shall have immediate access to the business premises of the Receivership Defendant. Such locations include, but are not limited to Airways Plaza, 1283 Murfreesboro Road, Suite 420, Nashville, TN 37217, and 301 Plus Park Boulevard, Suite 500, Nashville, TN 37217. Plaintiffs and the Receiver, and their representatives, agents, and assistants, are authorized to employ the assistance of the U.S. Marshal's office and other law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order. Plaintiffs and the Receiver, and their representatives, agents, and assistants, are authorized to remove documents from the Receivership Defendant's premises in order that they may be inspected, inventoried, and copied for the purpose of preserving discoverable material in connection with this action.

Furthermore, the Receiver shall allow the Defendants reasonable access to the premises

and business records of the Receivership Defendant within his possession for the purpose of inspecting and copying materials relevant to this action. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XX. EXPEDITED DISCOVERY

IT IS FURTHER ORDERED that, in anticipation of the preliminary injunction hearing in this matter, Plaintiffs and the Receiver are authorized to conduct expedited discovery concerning Defendants' assets and the location of business records in accordance with the following provisions:

A.     Plaintiffs and the Receiver may take the depositions of parties and non-parties. Forty-eight hours (48) notice shall be sufficient notice for such depositions;

B.     Plaintiffs and the Receiver may serve upon parties requests for production of documents or inspection that require production or inspection within five (5) calendar days of service, and may serve subpoenas upon non-parties that direct production or inspection within five (5) calendar days of service;

C.     Plaintiffs and the Receiver may serve deposition notices and other discovery requests upon the parties to this action by facsimile or overnight courier, and depositions may be taken by telephone or other remote electronic means; and

D.     Any discovery taken pursuant to this Order is in addition to, and is not subject to, the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure and Local Rules of this Court. If a Defendant fails to appear for a properly noticed deposition or fails to comply with a request for production or inspection, that Defendant may be prohibited from introducing evidence at the hearing on Plaintiffs' request for a preliminary injunction.

Page 21 of 24

## XXI.  SERVICE BY FACSIMILE AUTHORIZED

IT IS FURTHER ORDERED that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may otherwise be subject to any provision of this Order.  Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXII.  DEFENDANTS' DUTY TO DISTRIBUTE ORDER

IT IS FURTHER ORDERED that Defendants shall immediately provide a copy of this Order to each of their affiliates, subsidiaries, divisions, sales entities, successors, assigns, officers, directors, employees, independent contractors, client companies, agents, attorneys, spouses and representatives, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiffs with a sworn statement that:  (A) confirms that Defendants have provided copies of the Order as required by this paragraph; and (B) lists the names and addresses of each entity or person to whom Defendants provided a copy of the Order.  Furthermore, Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXIII.  DURATION OF TEMPORARY RESTRAINING ORDER

IT IS FURTHER ORDERED that the Temporary Restraining Order granted herein shall expire fourteen (14) days from the date of entry noted below unless, within such time, the Order is extended for an additional period not to exceed fourteen (14) days for good cause shown, or unless, as to any Defendant, such Defendant consents to an extension for a longer period.

Page 22 of  24

## XXIV. TENNESSEE CONSUMER PROTECTION ACT ORDER

IT IS FURTHER ORDERED that this is an Order issued pursuant to Tenn. Code Ann. §

47-18-108(a) and (b) subject to the penalties set forth in Tenn Code Ann. § 47-18-108(c) and any

other penalties, remedies and sanctions available at law.

## XXV. ORDER TO SHOW CAUSE REGARDING
## PRELIMINARY INJUNCTION

IT IS FURTHER ORDERED, pursuant to Federal Rule of Civil Procedure 65(b), that

each Defendant shall appear before this Court on the _18th_ day of _August_ , 2010, at

_10:00_ o'clock _A_ .m., to show cause, if there is any, why this Court should not enter a

Preliminary Injunction enjoining the violations of law alleged in Plaintiffs' Complaint,

continuing the freeze of their assets, permanently continuing the Receivership and imposing such

additional relief as may be appropriate.

## XXVI. BRIEFS AND AFFIDAVITS CONCERNING
## PRELIMINARY INJUNCTION

IT IS FURTHER ORDERED that any brief concerning Plaintiffs' request for entry of a

preliminary injunction must be filed with the Clerk's Office and received by counsel that have

entered an appearance no later than 24 hours before the time scheduled for the preliminary

injunction hearing. The parties must file with the Clerk's Office and deliver to counsel that have

entered an appearance any affidavits and other evidence upon which they intend to rely in

connection with Plaintiffs' request for a preliminary injunction no later than 24 hours before the

time scheduled for the preliminary injunction hearing. If any party intends to present the

testimony of any witness at the hearing on a preliminary injunction, that party shall file with the

Court and deliver to counsel that have entered an appearance a statement disclosing the name,

address and telephone number of any such witness, and either a summary of the witness's

expected testimony, or the witness's affidavit or declaration revealing the substance of the witness's testimony, no later than 24 hours before the time scheduled for the preliminary injunction hearing.

## XXVII. SERVICE UPON PLAINTIFF

IT IS FURTHER ORDERED that Defendants shall serve all pleadings, memoranda, correspondence, affidavits, declarations, or other documents related to this Order or Plaintiffs' motion for a preliminary injunction by facsimile transmission to (202) 326-3395, by hand delivery to the offices of the Federal Trade Commission, at 600 Pennsylvania Avenue, NW, Room H-286, Washington, DC 20580, and addressed to the attention of Arturo DeCastro, or by overnight shipment through a third-party commercial carrier for delivery at this address, and by facsimile transmission to 615-532-2910, by hand delivery to the offices of the Tennessee Attorney General's Office, Consumer Advocate and Protection Division, at 425 5th Avenue North, P.O. Box 20207, Nashville, TN 37202, and addressed to the attention of Olha N.M. Rybakoff, or by overnight shipment through a third-party commercial carrier for delivery at this address.

## XXVIII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED.

DATED this _4_ day of _August_, 2010 at _10:50_ am/pm.

_____
UNITED STATES DISTRICT JUDGE

Page 24 of 24

ATTACHMENT A

## FEDERAL TRADE COMMISSION

### FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Instructions**:

1.  Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.  "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3.  "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4.  Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5.  Type or print legibly.

6.  Initial each page in the space provided in the lower right corner.

7.  Sign and date the completed financial statement on the last page.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

# BACKGROUND INFORMATION

**Item 1.**        **Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until _____

Address_____ Rent or Own?_____ From/Until _____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used _____

**Item 2.**        **Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own?_____ Telephone No._____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

**Item 3.**        **Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

**Item 4.**        **Contact Information**

Case 3:10-cv-00733 *SEALED*   Document 3-24   Filed 08/03/10   Page 27 of 60 PageID #:
628

Case 3:10-cv-00733   Document 12   Filed 08/05/10   Page 27 of 60 PageID #: 757

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

<u>**Item 5.**</u>      **Information About Dependents Who Live With You**

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

<u>**Item 6.**</u>      **Information About Dependents Who Do Not Live With You**

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security No. _____

▸Name Address _____

Date of Birth _____ Relationship _____ Social Security No. _____

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security No. _____

<u>**Item 7.**</u>      **Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.,* health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

▸Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

<u>**Item 7. continued**</u>

Case 3:10-cv-00733 *SEALED*   Document 3-24   Filed 08/03/10   Page 28 of 60 PageID #: 629

Case 3:10-cv-00733   Document 12   Filed 08/05/10   Page 28 of 60 PageID #: 758

Income Received: This year-to-date: $_____     _____: $_____

20_____: $_____     _____: $_____

_____: $_____     _____: $_____


▸Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received: This year-to-date: $_____     _____: $_____

20_____: $_____     _____: $_____

_____: $_____     _____: $_____


▸Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received: This year-to-date: $_____     _____: $_____

20_____: $_____     _____: $_____

_____: $_____     _____: $_____


**Item 8.**        **Pending Lawsuits Filed by You or Your Spouse**

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

**Item 9.**        **Pending Lawsuits Filed Against You or Your Spouse**

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency. (List

Case 3:10-cv-00733 *SEALED*   Document 3-24   Filed 08/03/10   Page 29 of 60 PageID #: 630

Case 3:10-cv-00733   Document 12   Filed 08/05/10   Page 29 of 60 PageID #: 759

lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Item 10.          Safe Deposit Boxes

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Item 11.          Business Interests

List all businesses for which you, your spouse, or your dependents are an officer or director.

▸Business' Name & Address _____

Business Format (*e.g., corporation*) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g., corporation*) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g., corporation*) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

## FINANCIAL INFORMATION: ASSETS AND LIABILITIES

**REMINDER:** "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

<u>Item 12.</u>          **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents. The term "cash" includes currency and uncashed checks.

Cash on Hand  $_____          Cash Held For Your Benefit  $_____

| <u>Name on Account</u> | <u>Name & Address of Financial Institution</u> | <u>Account No.</u> | <u>Current Balance</u> |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

<u>Item 13.</u>          **U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| <u>Name on Account</u> | <u>Type of Obligation</u> | <u>Security Amount</u> | <u>Maturity Date</u> |
|---|---|---|---|
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |

<u>Item 14.</u>          **Publicly Traded Securities and Loans Secured by Them**

Page  6                                                          Initials  _____

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

<u>Item 15.</u>      **Other Business Interests**

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

<u>Item 16.</u>      **Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents**

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

<u>Item 17.</u>      **Other Amounts Owed to You, Your Spouse, or Your Dependents**

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

**Item 18.**      **Life Insurance Policies**

List all life insurance policies held by you, your spouse, or your dependents.

▸Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

▸Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

**Item 19.**      **Deferred Income Arrangements**

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

▸Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

**Item 20.**      **Personal Property**

List all personal property, by category, whether held for personal use or for investment, including but not limited to,

Page 8                                              Initials _____

furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

## Item 21.        Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

▸Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

## Item 21. Continued

▸Vehicle Type _____ Make _____ Model _____ Year _____

Page 9                                                                Initials _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

## Item 22.        Real Property

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

## Item 23.        Credit Cards

List each credit card held by you, your spouse, or your dependents. Also list any other credit cards that you, your spouse, or your dependents use.

Page  10                                                                  Initials _____

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

**Item 24.**     **Taxes Payable**

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |

**Item 25.**     **Judgments or Settlements Owed**

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Initials _____

Case 3:10-cv-00733 *SEALED*   Document 3-24   Filed 08/03/10   Page 36 of 60 PageID #: 637

Case 3:10-cv-00733   Document 12   Filed 08/05/10   Page 36 of 60 PageID #: 766

**Item 26.**     **Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

‣Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

‣Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____


## OTHER FINANCIAL INFORMATION

**Item 27.**     **Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. *Provide a copy of each signed tax return that was filed during the last three years.*

| Tax Year | Name(s) on Return | Refund Expected |
|----------|-------------------|-----------------|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**Item 28.**     **Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years. *Provide a copy of each application, including all attachments.*

| Name(s) on Application | Name & Address of Lender |
|------------------------|--------------------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 29.**     **Trusts and Escrows**

Page  12                                             Initials _____

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity. *Provide copies of all executed trust documents.*

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

**Item 30.**     **Transfers of Assets**

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer. For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

Page 13                                                        Initials _____

# SUMMARY FINANCIAL SCHEDULES

**Item 31.**    **Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand (Item 12) | $_____ | Credit Cards (Item 23) | $_____ |
| Cash in Financial Institutions (Item 12) | $_____ | Motor Vehicles - Liens (Item 21) | $_____ |
| U.S. Government Securities (Item 13) | $_____ | Real Property - Encumbrances (Item 22) | $_____ |
| Publicly Traded Securities (Item 14) | $_____ | Loans Against Publicly Traded Securities (Item 14) | $_____ |
| Other Business Interests (Item 15) | $_____ | Taxes Payable (Item 24) | $_____ |
| Judgments or Settlements Owed to You (Item 16) | $_____ | Judgments or Settlements Owed (Item 25) | $_____ |
| Other Amounts Owed to You (Item 17) | $_____ | Other Loans and Liabilities (Item 26) | $_____ |
| Surrender Value of Life Insurance (Item 18) | $_____ | | |
| Deferred Income Arrangements (Item 19) | $_____ | Other Liabilities (Itemize) | |
| Personal Property (Item 20) | $_____ | _____ | $_____ |
| Motor Vehicles (Item 21) | $_____ | _____ | $_____ |
| Real Property (Item 22) | $_____ | _____ | $_____ |
| | | _____ | $_____ |
| Other Assets (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Assets | $_____ | Total Liabilities | $_____ |

Page  14                                              Initials _____

**Item 32.** **Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $_____ | Mortgage Payments for Residence(s) | $_____ |
| Fees, Commissions, and Royalties | $_____ | Property Taxes for Residence(s) | $_____ |
| Interest | $_____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $_____ |
| Dividends and Capital Gains | $_____ | Car or Other Vehicle Lease or Loan Payments | $_____ |
| Gross Rental Income | $_____ | Food Expenses | $_____ |
| Profits from Sole Proprietorships | $_____ | Clothing Expenses | $_____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $_____ | Utilities | $_____ |
| Distributions from Trusts and Estates | $_____ | Medical Expenses, Including Insurance | $_____ |
| Distributions from Deferred Income Arrangements | $_____ | Other Insurance Premiums | $_____ |
| Social Security Payments | $_____ | Other Transportation Expenses | $_____ |
| Alimony/Child Support Received | $_____ | Other Household Expenses | $_____ |
| Gambling Income | $_____ | Other Expenses (Itemize) | |
| Other Income (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Income | $_____ | Total Expenses | $_____ |

Page 15                                                                 Initials _____

## ATTACHMENTS

Item 33.     Documents Attached to this Financial Statement

List all documents that are being submitted with this financial statement.

Item No. Document                          Description of Document
       Relates To

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

        I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                            Signature

Page 16                                          Initials _____

Case 3:10-cv-00733 *SEALED*   Document 3-24   Filed 08/03/10   Page 41 of 60 PageID #: 642

Case 3:10-cv-00733   Document 12   Filed 08/05/10   Page 41 of 60 PageID #: 771

ATTACHMENT B

FEDERAL TRADE COMMISSION

FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions**:

1.  Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.  In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3.  When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4.  Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

5.  Type or print legibly.

6.  An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.**     **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

 E-Mail Address _____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**     **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status: Active _____ Inactive _____ Dissolved _____

If Dissolved: Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**     **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

Page 2                                                    Initials _____

**Item 4.**      **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

Name & Address                % Owned

_____   _____

_____   _____

_____   _____

_____   _____

**Item 5.**      **Board Members**

List all members of the corporation's Board of Directors.

Name & Address        % Owned     Term (From/Until)

_____   _____   _____

_____   _____   _____

_____   _____   _____

_____   _____   _____

_____   _____   _____

**Item 6.**      **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

Name & Address                % Owned

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

Case 3:10-cv-00733 *SEALED*   Document 3-24    Filed 08/03/10   Page 45 of 60 PageID #: 646

Case 3:10-cv-00733   Document 12   Filed 08/05/10   Page 45 of 60 PageID #: 775

<u>Item 7.</u>        **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

|                Name & Address                |        Business Activities       | % Owned |
| --- | --- | --- |
| | | |
| | | |
| | | |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

<u>Item 8.</u>        **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

<u>Item 9.</u>        **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

|          Name and Address          |  Relationship  | Business Activities |
| --- | --- | --- |
| | | |
| | | |
| | | |

Page 4                                                                          Initials _____

**Item 10.**      **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Item 11.**      **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 12.**      **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Page  5

Initials _____

<u>Item 13.</u>      **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Page 6                                                          Initials _____

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Item 19. **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 17 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|------|----------------------|------------|-------------|-------------|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payables | $ | | | |
| Receivables | $ | | | |

Item 20. **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|------------------------------------------|------------------------|-------------|-----------------|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

Item 21. **Government Obligations and Publicly Traded Securities**

Page 9

Initials _____

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

### Item 22.    Real Estate

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

### Item 23.    Other Assets

Page  10                                                                  Initials _____

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

<u>Item 24.</u>    **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

<u>Item 25.</u>    **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Page  11                                                        Initials _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____


## Item 26.    Monetary Judgments and Settlements Owed By the Corporation

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

## Item 27.    Government Orders and Settlements

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Page 12                                                         Initials _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

## Item 28.        Credit Cards

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

Name of Credit Card or Store                Names of Authorized Users and Positions Held

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

## Item 29.        Compensation of Employees

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

## Item 30.        Compensation of Board Members and Officers

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

Page  13                                                    Initials _____

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

<u>Item 31.</u>     **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| _____ | | $_____ | _____ | _____ |
| _____ | | $_____ | _____ | _____ |
| _____ | | $_____ | _____ | _____ |
| _____ | | $_____ | _____ | _____ |
| _____ | | $_____ | _____ | _____ |

<u>Item 32.</u>     **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

| Item No. Document Relates To | Description of Document |
|---|---|

Page 14

Initials _____

Case 3:10-cv-00733 *SEALED*   Document 3-24   Filed 08/03/10   Page 56 of 60 PageID #: 657

Case 3:10-cv-00733   Document 12   Filed 08/05/10   Page 54 of 60 PageID #: 784

_____

_____

_____

_____

_____

_____

_____

_____

_____

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                                    Signature

                                          _____
                                          Corporate Position

Page  15                                                      Initials _____

<u>Item 13.</u>        **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Page 6                                                              Initials _____

<u>Item 14.</u>      **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Page 7                                                        Initials _____

ATTACHMENT C

**ATTACHMENT C**
**CONSENT TO RELEASE OF FINANCIAL RECORDS**

I, _____, do hereby direct any bank, savings and loan association, credit union, depository institution, finance company, commercial lending company, credit card processor, credit card processing entity, automated clearing house, network transaction processor, bank debit processing entity, brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, trustee, or person that holds, controls or maintains custody of assets, wherever located that are owned or controlled by me or at which I have an account of any kind, or at which a corporation or other entity has a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to the said accounts to any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of *Federal Trade Commission and State of Tennessee, ex rel. and Robert E. Cooper, Jr., Attorney General and Reporter v.* **Defendants United States Benefits, LLC.,** *a limited liability company, also d/b/a United States Health, United Benefits of America, LLC, UBA, United Benefits, United Health Benefits, Health Care America, HCA, National Benefits of America, Insurance Specialty Group, and Adova Health ("U.S. Benefits")* and **Timothy Thomas,** *individually and as an officer of U.S. Benefits.,* and **Relief Defendant Kennan Dozier,** also d/b/a Kennan Dozier Thomas, Accentuate Designs, and Accentuate Your Home, LLC, Civ. No._____, now pending in the United States District Court for the Middle District of Tennessee, Nashville Division, and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the United States of America which restrict or prohibit the disclosure of bank or other financial information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the

same shall apply to any of the accounts for which I may be a relevant principal.

/

/

Dated: _____

_____
[Signature]

_____
[Print Name]