IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | No. 3:10-00733 |
| **UNITED STATES BENEFITS, LLC,** *et al.*, | ) ) ) ) | Judge Nixon Magistrate Judge Bryant |
| *Defendants*. | ) ) | |

# ORDER

Pending before the Court is the Motion of Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary of Labor") for Limited Leave to Appear (Doc. No. 77). This motion is hereby **GRANTED**. Also pending is the Secretary of Labor's Motion for Wages to be Paid to Employees in Accordance with the FLSA (Doc. No. 78) and attached exhibit (Doc. No. 78-1). The FTC filed a Response in Opposition to this Motion (Doc. No. 84), and the Receiver filed a Response not contesting the Secretary of Labor's Motion (Doc. No. 85), on the grounds that the Court has already ordered the payment of FLSA wages to the employees involved in the related class action and that to deny payment of the same wages to employees not involved in the class action would be inequitable. While the Court is mindful of the FTC's argument that the Receivership Estate must be preserved in order to effectuate full equitable relief should such relief be ordered in this case, the inequities of allowing the Receivership Estate to disburse funds to those employees involved in the class action but not to those uninvolved strikes the Court as more salient. Accordingly, the Secretary of Labor's Motion for Wages to be Paid to Employees in Accordance with the FLSA is hereby **GRANTED**. The

Receiver is hereby **ORDERED** to pay from the Receivership Estate to the employees of United Benefits the amount due for the work performed for the time periods and amounts set forth per the exhibit. If either the Receiver or the Secretary of Labor wishes to file a proposed order dictating the method and distribution of such payment, they have leave of the Court to do so.

Also pending before the Court is Defendant Kennan Dozier's ("Dozier") Motion to Dismiss the New Claims in the Amended Complaint ("Dozier's Motion to Dismiss") (Doc. No. 88) and Memorandum in Support (Doc. No. 89). Dozier argues that the new claims against her are wholly conclusory, not entitled to be assumed true, and should be dismissed (Doc. No. 89 at 3), citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009). Dozier states that while Plaintiffs now claim in the Amended Complaint that Dozier was involved in the company's operations, they "have not shown that she was involved . . . [but rather] have simply parroted the elements of the cause of action necessary to hold her liable." (Doc. No. 89 at 3.) Plaintiffs' Response (Doc. No. 91) opposes Dozier's Motion to Dismiss, arguing that Plaintiffs have made specific factual allegations regarding "Defendants' telemarketing scheme . . . and describing Dozier's specific role in the fraud." (Doc. No. 91 at 1.) The Court agrees. The Amended Complaint details multiple specific factual allegations regarding the conduct of United Benefits, which would entitle Plaintiffs to the relief sought (Doc. No. 83 at 5-9). It also specifies Dozier's role in the operation and management of United Benefits (Doc. No. 83 at ¶¶ 9, 30, 31). The Amended Complaint's new claim against Dozier is plausible on its face and meets the standard for pleadings as established by *Iqbal*. Accordingly, the Court cannot say that the Amended Complaint does not "give [Dozier] fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dozier's Motion to Dismiss is **DENIED**.

Also pending before the Court is Defendants' First Motion to Reconsider the Order of the

Court Denying Motion for Reimbursement and Deferring Motion for Attorney's Fees (Doc. No. 86). On November 22, 2010, this Court entered an Order (Doc. No. 79) denying Defendants' Motion for the Reimbursement of Non-party Peggy Whitehead (Doc. No. 64), on the grounds that the Preliminary Injunction Order in this case had authorized the release of $30,000 from the Receivership Estate for the purpose of paying the retainers for Defendants' attorneys, and that to reimburse Ms. Whitehead, who paid $20,000 with a credit card for those retainers, appeared duplicative. The Receiver and the FTC had filed Responses in Opposition to that Motion to that effect as well (Doc. Nos. 67, 70). In Defendants' Motion to Reconsider, they point out that the $30,000 released from the Receivership Estate pursuant to the Preliminary Injunction Order was used to pay attorneys' fees, separate and apart from the $20,000 expended by Ms. Whitehead. It appears to the Court that reimbursing Ms. Whitehead would constitute payment for reasonable attorney fees incurred by Defendants up through the date of the Preliminary Injunction hearing on August 18, 2010. The Court also notes that neither the Receiver nor Plaintiffs have filed responses to Defendants' Motion to Reconsider to oppose the reimbursement of Ms. Whitehead. Accordingly, the Court hereby **ORDERS** the Receiver to reimburse Ms. Whitehead in the amount of $20,000 from the Receivership Estate for the funds she expended for Defendants' attorneys' fees prior to August 18, 2010. If either the Receiver or Defendants wish to file a proposed order dictating the method and distribution of such payment, they have leave of the Court to do so.

Defendants also request that the Court reconsider its deferral in the Order entered on November 22, 2010, of Defendants' Motion for Attorneys' Fees (Doc. No. 63). While the Court is mindful of the need to preserve the assets of the Receivership Estate in order to provide for any equitable relief that may be necessary at the conclusion of this case, it is essential that Defendants have the means to adequately represent themselves in court. *See F.T.C. v. Think*

*Achievement Corp.*, 312 F.3d 259, 262 (7th Cir. 2002). The Court notes also that no judicial determination that the entirety of the Receivership Estate constitutes the ill-gotten gains of Defendants' scheme has yet been made, and it is in the interest of a full and fair hearing on these issues to ensure that Defendants are adequately represented before this Court. Accordingly, the Court hereby **ORDERS** the Receiver to pay from the Receivership Estate the reasonable fees and expenses of Defendants' civil counsel, Sherrard & Roe PLC, in the amount of $7,722.19 and of their criminal counsel, Hollins, Raybin & Weissman, P.C., in the amount of $4,187.00, per the exhibits attached to Defendants' Motion for Attorney Fees (Doc. Nos. 63-1, 63-2). If either the Receiver or Defendants wish to file a proposed order dictating the method and distribution of such payment, they have leave of the Court to do so.

Also pending before the Court is Defendants' Motion to Stay Parallel Proceeding ("Defendants' Motion to Stay") (Doc. No. 93). Defendants request that the Court enter an order staying an action filed by the State of Tennessee before the Tennessee Commissioner of Commerce and Insurance in which the State seeks to revoke Defendants' insurance licenses. Defendants have raised concerns that such a proceeding (and its likely outcome, given that Defendants' assets are frozen and that they will largely be unable to defend themselves in the proceeding) could have the undesirable effect of allowing health care companies who are currently making payments to the Receivership Estate to forebear from continuing to make those payments. The Receiver has filed two Responses in Support of Defendants' Motion to Stay (Doc. Nos. 94, 97), stating that the Receiver is currently receiving substantial revenue payment on a monthly basis from benefit providers for residual commissions due to one or more of the Defendants, and that he believes that the revocation of the licenses could result in the loss of that substantial revenue to the Receivership Estate (Doc. No. 94 at 2.) The Receiver also noted that contracts with some of the benefit providers in question require as a condition of continued

payment that Defendants possess valid insurance licenses, regardless of Tennessee statutory authority on the subject (Doc. No. 97 at 2, 6).

Both the State of Tennessee (Doc. No. 95) and the FTC (Doc. No. 96) filed Responses in Opposition. The Plaintiffs argue that the statutory issue regarding insurance licenses presented by Defendants under Tennessee Code Annotated § 56-6-113(a) does not present a problem, because subsection (c) allows commissions to be paid so long as the person was licensed at the time the agreement was made. (Doc. No. 95 at 2.) They also argue that the Preliminary Injunction Order, entered by this Court on August 20, 2010 (Doc. No. 31), would not allow benefits associations to stop transferring commission payments to the Receivership Estate even if Defendants' insurance licenses were revoked (Doc. No. 96 at 2), because the Order requires that business entities with control of any of Defendants' assets must refrain from disposing of them. The FTC argues that this means that any existing commissions owed to Defendants "are clearly 'assets' under the Order that benefits associations must transfer to the Receivership." *Id.* at 3.

The Court notes Plaintiffs' opposition to this motion, and the issues of "federalism principles, comity, and restraint" that are implicated when federal courts must balance their own equitable power and state administration of its own law. However, in light of the Receiver's support for this motion, his reasonable concern about potential harm to the Receivership Estate if the parallel proceeding is not stayed (given the contract cited by the Receiver in his second Response in Support), and Plaintiffs' own repeated statements of concern about maintaining sufficient funds within the Receivership Estate in order to be able to reimburse consumers at the conclusion of this proceeding (Doc. Nos. 45 at 1-3, 69 at 2-5, 70 at 1-3), the Court believes that the parallel action should be stayed. Defendants' assets are frozen and they are no longer engaging in the conduct complained of and which would serve as the basis for the revocation of

their insurance licenses.  Accordingly, the Court **GRANTS** Defendants' Motion to Stay and hereby **STAYS** the parallel action before the Tennessee Commissioner of Commerce and Insurance pending the resolution of this case.

It is so ORDERED.

Entered this the ___10th_____ day of February, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT